**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10002 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00020-RVM-1 |
| v. | |
| MARK SHAWN SMITH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Ramona V. Manglona, District Judge, Presiding

Submitted June 12, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

Mark S. Smith appeals the district court's denial of his motion to dismiss the indictment against him on double jeopardy grounds.  We review *de novo* a denial of a motion to dismiss an indictment, *United States v. Bates*, 917 F.2d 388, 392

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1990), and for abuse of discretion a finding of manifest necessity for a mistrial, *United States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we need not recount them here.

Where a district court declares a mistrial after jeopardy has attached and without the defendant's consent, re-prosecution of the defendant is barred unless the mistrial was justified by "manifest necessity." *Arizona v. Washington*, 434 U.S. 497, 505 (1978). In reviewing a district court's finding of manifest necessity, we analyze the procedures it employed, including whether it (1) heard the opinions of the parties about the propriety of a mistrial, (2) considered alternatives to a mistrial and chose the least harmful one to the defendant's rights, and (3) acted deliberatively instead of abruptly, basing its judgment on the evidence in the record. *Chapman*, 524 F.3d at 1082. We afford "special deference" to a finding of manifest necessity that is based on the court's "observations and personal assessment that a fair trial would be impossible." *Id.*

The record indicates that the district court afforded both parties an opportunity to present their opinions on the propriety of a mistrial. The mistrial order reflects that the court was considering numerous motions and responses filed by both parties when it declared a mistrial. The court also held a hearing where the

parties argued extensively about the relevance of David Lujan's name appearing in the exhibits, the significance and extent of his purported conflict of interest, and the propriety of a mistrial

The district court also considered alternatives to a mistrial but concluded there simply were none. Redacting the evidence for Lujan's name would not prevent his identity from coming out during the trial, and it would be unfair to the government to entirely limit the disclosure of Lujan's previous employment because it was directly relevant to the government's case. In addition, Lujan's requests to redact the evidence stemmed from concern for his personal reputation, which illustrated to the court Lujan's divided loyalty. Disqualification of Lujan as counsel and the declaration of a mistrial were least harmful to Smith's rights.

Finally, the record indicates the court acted deliberatively in considering whether Lujan's conflict of interest created manifest necessity for a mistrial. The government notified the court of Lujan's potential conflict of interest in its pre-trial motion to disqualify him as counsel. But, based on the information it had at the time, and the lack of specificity in the government's motion, the court concluded that Smith's right to the counsel of his choosing outweighed any risk it posed. The disabling nature of Lujan's conflict became apparent only after the trial began and the court learned each party's theory of the case. *Cf. Thomas v. Mun. Court*, 878

3

F.2d 285, 289–90 (9th Cir. 1989) (court discovered defense counsel's conflict after trial had commenced creating manifest necessity for a mistrial).

In short, the district court acted within its discretion in concluding there was manifest necessity for a mistrial, and thus it did not err in denying Smith's motion to dismiss the indictment.

**AFFIRMED.**